# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TOKIO MARINE AND NICHIDO FIRE INSURANCE CO.,
LTD., as Subrogee, and NILT, INC., as Subrogor,

                Plaintiffs,

-against-

MURRAY CANTER, CHERYL WICHINSKY-CANTER,
and ADAM J. CANTER
                Defendant.
----------------------------------------------------------------X

JUDGE LEISURE

COMPLAINT

Civil Case No.: 07 CIV 5599

      Plaintiffs TOKIO MARINE AND NICHIDO FIRE INSURANCE CO., LTD. ("TOKIO MARINE") and NILT, INC. ("NILT"), by their attorneys, LONDON FISCHER LLP, complaining of the Defendants, respectfully allege the following:

## THE PARTIES

      1.    At all times relevant, TOKIO MARINE was, and still is, a foreign corporation authorized to conduct business in the State of New York, and maintains its principal place of business in Tokyo, Japan.

      2.    At all times relevant, NILT was, and still is, a foreign corporation, authorized to conduct business under and by virtue of the laws of the State of New York, maintains its principal place of business in Chicago, Illinois.

      3.    At all times relevant, NILT was, and still is, a subsidiary corporation of U.S. Bank Association specially formed for NILT, that acts as trustee of Nissan-Infiniti, LT. Nissan-Infiniti, LT. is a Delaware statutory trust and NILT is a Delaware corporation and trustee of Nissan-Infiniti, LT.

      4.    Upon information and belief, at all times relevant, MURRAY CANTER resided, and still resides, in New York, New York.

RECEIVED JUN 12 2007 U.S.D.C. S.D. N.Y. CASHIERS

5. Upon information and belief, at all times relevant, CHERYL WICHINSKY-CANTER resided, and still resides, in New York, New York.

6. Upon information and belief, at all times relevant, ADAM J. CANTER resided, and still resides, in New York, New York.

## JURISDICTION AND VENUE

7. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact is wholly between TOKIO MARINE, a citizen of Japan, NILT, a citizen of the State of Delaware, MURRAY CANTER, a citizen of the State of New York, CHERYL WICHINSKY-CANTER, a citizen of the State of New York, and ADAM J. CANTER, a citizen of the State of New York. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

8. Venue in the Southern District of New York is based on defendants' residences, pursuant to 28 U.S.C. § 1391.

9. Personal jurisdiction exists over MURRAY CANTER because he is a resident of the State of New York and because he entered into a contract with NILT within the State of New York. Furthermore, the acts giving rise to Plaintiffs' right to contractual indemnification were committed within the State of New York.

10. Personal jurisdiction exists over CHERYL WICHINSKY-CANTER because she is a resident of the State of New York and because she entered into a contract with NILT within the State of New York. Furthermore, the acts giving rise to Plaintiffs' right to contractual indemnification were committed within the State of New York.

11. Personal jurisdiction exists over ADAM J. CANTER because he is a resident of the State of New York. Furthermore, the acts giving rise to Plaintiffs' right to common law indemnification were committed within the State of New York.

12. TOKIO MARINE and NILT bring this action on their own behalf and, as agent, on behalf of and for the interests of all parties who are, or may become interested in the suit, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

## THE FACTS

9. This is an action for indemnity at common law, to recover from MURRY CANTER, CHERYL WICHINSKY-CANTER, and ADAM J. CANTER, payment of amounts by TOKIO MARINE, as insurer for NILT, towards the settlement of a personal injury claim brought by Rebecca J. Walker ("Walker") against NILT, ADAM J. CANTER, and CHERYL S. WICHINSKY.

10. On September 20, 2002, MURRY CANTER and CHERYL WICHINSKY-CANTER entered into a Lease Agreement with Ramsey Nissan for a 2002 model year Nissan Xterra, bearing Vehicle Identification Number 5N1ED28Y72C601791 ("NILT Vehicle").

11. A copy of the Lease Agreement, entered into by GRODIN, is annexed hereto as Exhibit "A."

12. The Lease Agreement annexed hereto as Exhibit "A" contains the signatures of both MURRAY CANTER and CHERYL WICHINSKY-CANTER.

13. Pursuant to the Lease Agreement, Ramsey Nissan, as lessor, accepted the Lease and assigned Nissan-Infiniti Lt. all rights, title and interest in the Lease and in the leased vehicle and lessor's rights under the guarantee executed in connection with the Lease with full power to NILT to collect and discharge obligations related to the Lease.

14. On or about April 10, 2003, at approximately 5:40 p.m., ADAM J. CANTER was operating the NILT Vehicle on State Highway 12B towards its intersection of State Highway 46, in Eaton, New York.

15. The intersection of State Highway 12B and State Highway 46 is controlled by a stop sign on State Highway 12B only.

16. At said date, time, and location, ADAM J. CANTER failed to yield to oncoming traffic as he was making a left turn onto State Highway 46, in Eaton, New York.

17. At said date and time, the NILT vehicle, operated by ADAM J. CANTER, came into contact with the vehicle, operated by Walker and traveling on State Highway 46 at or near its intersection of State Highway 12B in Eaton, New York.

18. The impact caused Walker to sustain serious personal injuries.

19. At said date, time, and location, ADAM J. CANTER was operating the NILT vehicle with the permission of MURRAY CANTER.

20. At said date, time, and location, ADAM J. CANTER was operating the NILT vehicle with the permission of CHERYL WICHINSKY-CANTER.

21. On or about February 18, 2005, Walker commenced a personal injury action against ADAM J. CANTER, CHERYL S. WICHINSKY, NISSAN NORTH AMERICA, INC., NISSAN MOTORS ACCEPTANCE CORP., NISSAN INFINITI LEASE TRUST and XYZ CORPORATION by filing a Summons and Complaint in the Supreme Court of the State of New York, County of Madison, which was assigned Index No. 05-1073 ("Walker Action"). The Complaint sounded in negligence, and sought money damages for personal injuries sustained by Walker in the aforesaid accident.

22. The aforesaid personal injury action sought damages from NILT, as the owner/lessor of the NILT Vehicle, on a theory of vicarious liability for the negligent use and operation of the NILT Vehicle by ADAM J. CANTER.

23. On or about December 4, 2006, the lawsuit commenced by Walker settled for a total sum of $210,000, with $100,000 paid by GEICO Insurance Company, the primary insurer for MURRY CANTER and CHERYL WICHINSKY-CANTER, $110,000 paid by TOKIO MARINE, NILT's insurer.

24. In addition to the $110,000 loss incurred by the plaintiffs to settle the personal injury action, plaintiffs incurred $12,480.00 in attorneys' fees, $160.50 in disbursements, and $1,623.77 in advances for the defense of the aforesaid personal injury claim brought by Walker.

25. As a result of the foregoing, plaintiffs have incurred a total loss in the amount of $124,264.27, arising out of the negligent use of the NILT Vehicle during the lease period, consisting of $110,000 Million paid to Walker in consideration for Walker's execution of a General Release in favor of NILT and TOKIO MARINE, $14,264.27 paid in attorneys fees, disbursements, and advances for the defense of the aforesaid personal injury action.

## AS AND FOR A FIRST CAUSE OF ACTION

26. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 25 of the Complaint, inclusive with the same force and effect as though said paragraphs were fully set forth at length herein.

27. Pursuant to ¶ 19 of the Lease Agreement, plaintiffs are entitled to recover $124,264.27 from MURRAY CANTER on a theory of contractual indemnification.

## AS AND FOR A SECOND CAUSE OF ACTION

28. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 27 of the Complaint, inclusive with the same force and effect as though said paragraphs were fully set forth at length herein.

29. Pursuant to ¶ 19 of the Lease Agreement, plaintiffs are entitled to recover $124,264.27 from CHERYL WICHINSKY-CANTER on a theory of contractual indemnification.

## AS AND FOR A THIRD CAUSE OF ACTION

30. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 29 of the Complaint, inclusive with the same force and effect as though said paragraphs were fully set forth at length herein.

31. Plaintiff NILT, the passive tortfeasor in the Walker action, and Plaintiff TOKIO MARINE, as subrogee, are entitled to recover $124,264.27 from ADAM J. CANTER, the active tortfeasor and negligent party in the Walker action, on a theory of common-law indemnification.

WHEREFORE, plaintiffs TOKIO MARINE and NILT demand judgment against defendants MURRAY CANTER, CHERYL WICHINSKY-CANTER, and ADAM J. CANTER in the amount of $124,264.27, together with the interest, costs and disbursements of this action.

Dated: New York, New York
June 12, 2007

LONDON FISCHER LLP

By: _____
Hae Jin Shim (HS3297)
Attorneys for Plaintiffs TOKIO MARINE AND
NICHIDO FIRE INSURANCE CO., LTD., as
Subrogee, and NILT, INC., as Subrogor
59 Maiden Lane
New York, New York 10038
(212) 972-1000

To: ADAM J. CANTER
333 E. 79th Street, Apt. 3N
New York, New York 10021-0957

MURRAY CANTER
333 E. 79th Street, Apt. 3N
New York, New York 10021-0957

CHERYL WICHINSKY-CANTER
333 E. 79th Street, Apt. 3N
New York, New York 10021-0957

K:\116\034\Pleadings\Complaint.doc