# Exhibit E

STATE OF NEW YORK
SUPREME COURT        COUNTY OF MADISON

REBECCA J. WALKER,

                Plaintiff,

v.                                                                ANSWER

ADAM J. CANTER, CHERYL S. WICHINSKY,       Index No. 05-1073
NISSAN NORTH AMERICA, INC., NISSAN MOTORS
ACCEPTANCE CORP., NISSAN INFINITI LEASE
TRUST and XYZ CORPORATION,

                Defendants.

      The Defendants, by their attorneys, Melvin & Melvin, PLLC, in answer to the Complaint of the plaintiff show to the Court as follows:

    1.      Lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 1 and, therefore, denies same.

    2.      Admits paragraphs 2, 3, 4, 5, 6, 7, 8 and 9.

    3.      Lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 10 and, therefore, denies same.

    4.      Admits paragraph 11.

    5.      Does not know what the allegation "lawfully" means in paragraph 12 and, therefore, denies the allegations in paragraph 12.

    6.      Admits paragraphs 13 and 14.

    7.      Denies paragraphs 15, 16, 17, 18, 19, 20 and 21.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8. The plaintiff failed to obtain jurisdiction over the defendants Nissan North America, Inc., Nissan Motors Acceptance Corp. and Nissan Infiniti Lease Trust and, therefore, the claim of the plaintiff should be dismissed against said defendants.

## AS AND FOR A SECOND SEPARATE AFFIRMATIVE DEFENSE

9. Repeat and reallege the preceding paragraphs as if stated in full herein.

10. The plaintiff failed to obtain jurisdiction over the defendants Cheryl S. Wichinsky and Adam J. Canter by service of process and, therefore, the claim of the plaintiff against the defendants herein should be dismissed.

## AS AND FOR A THIRD SEPARATE AFFIRMATIVE DEFENSE

11. Repeat and reallege the preceding paragraphs as if stated in full herein.

12. The claim of the plaintiff should be reduced in whole or part by all culpable conduct attributable to the plaintiff in the operation of her vehicle.

## AS AND FOR A FOURTH SEPARATE AFFIRMATIVE DEFENSE

13. Repeat and reallege the preceding paragraphs as if stated in full herein.

14. The claim of the plaintiff should be reduced in whole or part by all collateral sources available to the plaintiff pursuant to CPLR 4545(c).

## AS AND FOR A FIFTH SEPARATE AFFIRMATIVE DEFENSE

15. Repeat and reallege the preceding paragraphs as if stated in full herein.

16. That upon information and belief the plaintiff failed to wear her seatbelt described under 1229(c) of the Vehicle and Traffic Law.

17. That if the plaintiff recovers against the defendants herein, the defendants demand that the claim of the plaintiff be reduced in whole or part by all damages attributable to the failure of the plaintiff to wear her seatbelt pursuant to statute.

### AS AND FOR A SIXTH SEPARATE AFFIRMATIVE DEFENSE

18. Repeat and reallege the preceding paragraphs as if stated in full herein.

19. Upon information and belief the plaintiff failed to suffer a serious injury as that term is defined under Article 51 of the Insurance Law and, therefore, the claim of the plaintiff should be dismissed.

### AS AND FOR AN EIGHTH SEPARATE AFFIRMATIVE DEFENSE

20. Repeat and reallege the preceding paragraphs as if stated in full herein.

21. That the accident, which is the subject of this action, was caused by conditions and circumstances beyond the control of the defendant herein and, therefore, the claim of the plaintiff should be dismissed.

WHEREFORE, the defendants and each one of them demand that the claim of the plaintiff be dismissed upon the grounds set forth herein and for such other and further relief which as to the Court may seem just and proper.

Dated: March 9, 2005                     MELVIN & MELVIN, PLLC

                                         By: _____
                                         Douglas H. Young, Esq.
                                         Attorney for Defendants Adam J. Canter,
                                         Cheryl S. Wichinsky, Nissan
                                         Motors Acceptance Corp., et al.
                                         217 South Salina Street, 7th Floor

3

Syracuse, New York 13202-1390
Telephone: (315) 422-1311

To:

Mark D. Goris, Esq.
Mitchell, Goris, Stokes & Knych, LLC
Attorneys for Plaintiff
5 Mill Street
Post Office Box 312
Cazenovia, New York 13035
Telephone: (315) 655-3463

4