

## GENERAL RELEASE

**TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT** REBECCA J. WALKER ("plaintiff"), being over eighteen (18) years of age and residing c/o her attorney at 5 Mill Street, P.O. Box 312, Cazenovia, New York 13035, as RELEASOR, in consideration of the total settlement sum of Two Hundred and Ten Thousand Dollars ($210,000), with One Hundred Thousand Dollars ($100,000) received from GEICO INSURANCE COMPANY, on behalf of ADAM J. CANTER and CHERYL S. WICHINSKY, and One Hundred and Ten Thousand ($110,000), on behalf of NISSAN NORTH AMERICA, INC., NISSAN MOTORS ACCEPTANCE CORP., and NISSAN INFINITI LEASE TRUST, and its insurer, TOKIO MARINE AND FIRE INSURANCE COMPANY, LTD., release and discharge as follows:

1. In consideration of the payments set forth above, plaintiff hereby completely releases and forever discharges GEICO INSURANCE COMPANY, ADAM J. CANTER, CHERYL S. WICHINSKY, NISSAN NORTH AMERICA, INC., NISSAN MOTORS ACCEPTANCE CORP., NISSAN INFINITI LEASE TRUST, and its insurer, TOKIO MARINE AND FIRE INSURANCE COMPANY, LTD. and all parent companies, subsidiaries and all related companies, wherever situated, from any and all claims, derivative claims and liens arising out of an accident that occurred on April 10, 2003, at approximately 5:50 p.m., at the intersection of State Highway 12B and State Highway 46, in Eaton, New York, as more specifically set forth in the Police Accident Report and pleadings of the actions entitled: "Rebecca J. Walker, Plaintiff, against Adam J. Canter, Cheryl S. Wichinsky, Nissan North America, Inc., Nissan Motors Acceptance Corp., Nissan Infiniti Lease Trust and XYZ Corporation, Defendants," bearing Index Number 1073/05, Supreme Court, Madison County. In addition, plaintiff hereby completely release and forever discharges GEICO INSURANCE COMPANY, ADAM J. CANTER, CHERYL S. WICHINSKY, NISSAN NORTH AMERICA, INC., NISSAN MOTORS ACCEPTANCE CORP., NISSAN INFINITI LEASE TRUST, and all parent companies, subsidiaries and all related companies, wherever situated, from any and all past, present or

future claims, demands, obligations, action, causes of action, wrongful death claims, rights, damages, costs, derivative claims, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, product liability, contract or other theory of recovery, which the plaintiff now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of the incident described above and in the pleadings, including, without limitation, any and all known or unknown claims for bodily and personal injuries to plaintiffs, or any future wrongful death claim of plaintiff's representatives or heirs, which have resulted or may result from the alleged acts or omissions of the defendants.

　　2.　　This release and discharge shall also apply to defendants' and insurers' past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, and assigns and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated.

　　3.　　This release, on the part of the plaintiff, shall be a fully binding and complete settlement among the plaintiffs, the defendants and the insurers, and their heirs, assigns and successors.

　　4.　　The plaintiff acknowledges and agree that the release and discharge set forth above is a general release. Plaintiff expressly waive and assumes the risk of any and all claims for damages which exist as of this date, but of which the plaintiff does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect plaintiff's decision to enter into this Settlement Agreement. The plaintiff further agree that plaintiff has accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact. Plaintiff assumes the risk that the facts or law may be other than plaintiff believes. It is understood and agreed to by the parties that this settlement is a compromise of a disputed claim, and the payments are not to be construed as an admission of liability on the part of the defendants, by whom liability is expressly denied.

5.  Plaintiff agrees to indemnify and hold harmless GEICO INSURANCE COMPANY, ADAM J. CANTER, CHERYL S. WICHINSKY, NISSAN NORTH AMERICA, INC., NISSAN MOTORS ACCEPTANCE CORP., NISSAN INFINITI LEASE TRUST and all parent companies, subsidiaries and all related companies, wherever situated, and the law firm London Fischer LLP, their employees, representatives and agents, from any and all liens that may exist as a result of the incident set forth above and in the pleadings.

6.  **CONFIDENTIALITY**

The parties agree that neither they nor their attorneys nor representatives shall reveal to anyone, other than as may be mutually agreed to in writing, any of the terms of this Release and Settlement Agreement or any of the amounts, numbers or terms and conditions of any sums payable to plaintiff hereunder.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE may not be changed orally.

IT WITNESS WHEREOF, the RELEASOR has hereunto set RELEASOR'S hand and seal on the 4th day of DEC, 2006.

IN PRESENCE OF

_____L.S.
REBECCA J. WALKER

STATE OF NEW YORK     )
                      )
COUNTY OF MADISON     )

On DECEMBER 4, 2006, before me personally, to me known, REBECCA J. WALKER and known to me to be the individuals described in, and who executed the foregoing RELEASE, and duly acknowledged to me that they executed the same.

_____
NOTARY PUBLIC

K:119/084/Pleadings/General Release

MARK D. GORIS
Notary Public, State of New York
Qualified in Madison Co. No. 5047083
Commission Expires: July 24, 2020

3