UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

TOKIO MARINE AND NICHIDO FIRE INSURANCE     Case Number: 07-Civ-5599 (PKL)
CO., LTD., as Subrogee, and NILT, INC., as Subrogor,

                               *Plaintiffs,*

                                                       **DECLARATION OF ADAM CANTER**

       -against-

MURRAY CANTER, CHERYL WICHINSKY-
CANTER, and ADAM J. CANTER

                               *Defendants.*

-----------------------------------------------------------------x

       ADAM J. CANTER declares as follows:

       1.       I am one of the Defendants in the above-captioned litigation. I submit this Declaration in support of Defendants' motion to dismiss Plaintiffs' Complaint. I have first-hand knowledge of the facts set forth herein.

       2.       I was born on February 1, 1984 and I am now 23 years of age. Since July 22, 2007, I have lived in Mexico – where I am attending medical school at Universidad Autonoma de Guadalajara. I am domiciled, and reside at 1371 Callejon del Quijote, Apartment No. 6, Zapopan, Jalisco, Mexico 45110. I am in my first year of medical school and plan to continuously reside and be domiciled in Mexico over the course of the next four years of school.

       3.       I have reviewed the Affidavit of Service, prepared by Chris Saffran, in connection with Plaintiff Tokio Marine and Nichido Fire Insurance Co. Ltd. ("Tokio Marine") and NILT, Inc.'s ("NILT") alleged service of process upon me and my parents Cheryl Wichinsky-Canter and Murray Canter. A copy of the Affidavit of Service is attached hereto as Exhibit 1.

4. According to the Affidavit of Service, beginning July 20, 2007 and continuing through August 27, 2007, Chris Saffran made numerous unsuccessful attempts to serve me at my parents' apartment located in New York, New York. Then, on August 28, 2007, Chris Saffran purports to have initiated "nail and mail" service upon me by attaching the summons and complaint in this action to my parents' apartment, located at 333 East 79th Street, Apartment No. 3N, New York, New York. According to the Affidavit of Service, on the very same date, Chris then mailed a copy of the summons and complaint to me at my parents' New York, New York apartment.

5. However, I have never been properly served with process in this case, as my parents' New York, New York apartment was not my "dwelling place" or "usual place of abode" when the summons and complaint were allegedly served upon me at my parents' apartment.

6. Moreover, I am advised by my attorney that Plaintiffs did not file the Affidavit of Service with the Court within 20 days of August 28, 2007 and, therefore, Plaintiffs have not only failed to properly serve me, but also have failed to properly serve my parents. Indeed, my attorney advises that, as of October 17, 2007, Plaintiffs still have not filed the Affidavit of Service. My attorney had to specifically request a copy of the Affidavit of Service from Plaintiffs' attorneys in order to obtain same.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 17, 2007

_____
Adam J. Canter