UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TOKIO MARINE AND NICHIDO FIRE INSURANCE CO.,
LTD., as Subrogee, and NILT, INC., as Subrogor,

                                Plaintiffs,

     -against-

MURRAY CANTER, CHERYL WICHINSKY-CANTER,
and ADAM J. CANTER
                         Defendant.
-----------------------------------------------------------------------X

**Civil Case No.: 07 CV 5599
(PKL) (AJP)**

---

## PLAINTIFFS' MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

---

Hae Jin Shim, Esq. (HS 3297)
London Fischer LLP

# TABLE OF CONTENTS

Page No.

Table of Authorities………………………………………………………………..i

Preliminary Statement………………………………………………………………..2

Statement of Facts………………………………………………………………..2

Argument………………………………………………………………..4

    I.    *RES JUDICATA* DOES NOT BAR THIS INDEMNIFICATION ACTION……..5

        A.    Plaintiffs' Action Does Not Accrue Until The Loss Is Sustained………………………………………………………………..5

        B.    The Cases Cited By Defendants Are Inapplicable…………………..…8

        C.    Plaintiffs Never Released Defendants From Liability……………………9

        D.    Plaintiffs Have Prevailed On Similar Contractual Indemnity Claims Pursuant to Lease Agreements………………………………...10

        E.    Plaintiffs Are Entitled To Common Law Indemnity Against An Active tortfeasor………………………………………………………...12

    II.    DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED BECAUSE ALL DEFENDANTS WERE PROPERLY SERVED……………..16

Conclusion………………………………………………………………..20

K:\116\034\Motions\TOC.doc

# TABLE OF AUTHORITIES

__Cases__                                                           __Page No.__

*Allianz Insurance Co. v. Cavagnuolo*,
   2004 U.S. Dist. LEXIS 8186, 03 Civ. 1636 (S.D.N.Y., 2004) .........................6, 12, 13

*Alvord & Alvord v. Patenotre*,
   196 Misc. 524, 92 N.Y.S.2d 514 (Sup. Ct. N.Y. Co. 1949) .......................................19

*AmBase Corp. v. City Investing Co. Liquidating Trust*,
   326 F.3d 63 (2d Cir. 2003).........................................................................................5

*Andor Pfeiffer v. United States of America*,
   2000 U.S. App. LEXIS 27851 (2d Cir. 2000) .............................................................7

*Antone v. General motors Corp.*,
   64 N.Y.2d 20, 484 N.Y.S.2d 514, 473 N.E.2d 742 (1984)........................................18

*Brodeur v. McNamee*,
   253 F. Supp. 2d 349 (2003) ......................................................................................6

*Chapel v. Mitchell*,
   84 N.Y.2d 345, 618 N.Y.S.2d 626, 642 N.E.2d 1082 (1994)....................................15

*Cuthbert v. Pederson*,
   266 A.D.2d 255 ....................................................................................................14

*D'Ambrosio v. City of New York*,
   55 N.Y.2d 454, 450 N.Y.S.2d 149 (1982) ................................................................13

*Davis v. De Frank*,
   33 A.D.2d 236, 306 N.Y.S.2d 827 (4th Dep't 1970)..................................................12

*EEOC v. St. Grancis Xavier Parochial Sch.*,
   117 F.3d 621 (D.C. Cir. 1997) ...................................................................................5

*Elrac. Inc. v. Beckford*,
   250 A.D.2d 725 .............................................................................................13, 14,15

*Fifty CPW Tenants Corp. v. Epstein, et al.*,
   6 A.D.3d 292, 792 N.Y.S.2d 58 (2d Dep't 2005)........................................................8

*Forte v. Kaneka America Corp.*,
   110 A.D. 81, 493 N.Y.S.2d 180 (App. Div. 2d Dep't. 1985) .......................................8

*Global Network Communications, Inc. v. City of New York, et al.*,
    458 F.3d 150 (2d Cir. 2006)..................................................................5

*Godinez v. Moran*,
    509 U.S. 389, 125 L. Ed. 2d 321, 113 S. Ct. 2680 (1993)............................6

*Haegeland v. Massa*,
    75 A.D.2d 864, 427 N.Y.S.2d 887 (2d Dep't 1980)...................................17

*Hurley v. Union Trust Co.*,
    244 App.Div. 590, 280 N.Y.S. 474, 280 N.Y.S. 474...................................18

*Kallaitzakis v. ELRAC, Inc.*,
    296 A.D.2d 531, 745 N.Y.S.2d 217 (2d Dep't 2002)...................................12

*LaBounty v. Adler*,
    933 F.2d 121 (2d Cir. 1991)..................................................................4

*Lopez v. Quickset Printers, Inc.*,
    70 Misc. 2d 732, 334 N.Y.S.2d 808 (1972)...............................................17

*Mas v. Two Bridges Associates*,
    75 N.Y.2d 680, 555 N.Y.S.2d 669 (1990)................................................14

*McDermott v. City of New York*,
    50 N.Y.2d 211, 428 N.Y.S.2d 646, 406 N.E.2d 460 (1980).....................5, 13

*Morris v. Snappy Car Rental*,
    84 N.Y.2d 21, 614 N.Y.S.2d 362 (1994).............................................11, 13

*Musco v. Conte*,
    22 A.D.2d 121, 254 N.Y.S.2d 589 (2d Dep't 1964)....................................4,

*Naso v. Lafata*,
    4 N.Y.2d 585, 152 N.E.2d 59 ...........................................................14, 15

*Novak v. Basf Corp.*,
    869 F. Supp. 113 (N.D.N.Y. 1994)........................................................13

*Pennsylvania General Insurance v. Austin Powder*,
    *Austin Powder, 68 N.Y.2d 465, 510 N.Y.S.2d (1986)* .................................12

*Porcello v. Brackett*,
    85 A.D.2d 917, 443 N.E.2d 491 (4th Dep't 1981)......................................19

*Progressive Northeastern Insurance Co. v. Motors Insurance Co.*, 288 A.D.2d
    363, 733 N.Y.S.2d 226 (2d Dep't 2001) ...................................................................12

*Raquet v. Braun*,
    90 N.Y.2d 177, 681 N.E.2d 404, 659 N.Y.S.2d 237 (1997)........................................13

*Storey v. Cello Holdings, LLC, et al.*, 182 F. Supp. 2d 355 (S.D.N.Y. 2002) ...................9

*State Farm Mutual Automobile Insurance Co. v. John Deere Insurance Co.*,
    288 A.D.2d 294, 733 N.Y.S.2d 198 (2d Dep't 2001).....................................................12

*Tokio Marine and Fire Insurance Co., Ltd., et al. v. Borgia*,
    11 A.D.3d 603, 783 N.Y.S.2d 629 (2d Dep't 2004).......................................................11

*Tokio Marine and Fire Insurance Co., Ltd., et al. v. Sortino*,
    2005 U.S. Dist. LEXIS 36331 (S.D.N.Y. 2005)......................................................11, 16

*Tokio Marine and Fire Insurance Co., Ltd. v. Pagan*,
    2000 U.S. Dist. LEXIS 5902 (S.D.N.Y. 2003)........................................................11, 16

*Travelers Indemnity Co. vs. AMR Services Corp.*,
    921 F. Supp. 176 (S.D.N.Y. 1996) ...............................................................................13

*Valmonte v. Bane*,
    18 F.3d 992 (2d Cir. 1994)..............................................................................................4

*17 Vista Free Associate v. Teachers Insur. and Annuity Associate of America*,
    259 A.D.2d 75, 693 N.Y.S.2d 554 (1st Dep't 1999).................................................13, 14

## STATUTES AND RULES

Fed. R. Civ. P. §12(b)(6)....................................................................................................3

N.Y. CPLR § 308(4) ...................................................................................................16, 17

N.Y. VEH. & TRAF. Law § 388 ........................................................................................4

*Restatement, Restitution, § 76*.......................................................................................14

## PRELIMINARY STATEMENT

Plaintiffs, TOKIO MARINE AND NICHIDO FIRE INSURANCE COMPANY, LTD., as subrogee ("TOKIO MARINE") and NILT, INC. as subrogor ("NILT") (collectively referred to herein as "plaintiffs"), submit this Memorandum of Law in opposition to defendants, MURRAY CANTER, CHERYL WICHINSKY-CANTER, and ADAM J. CANTER's motion to dismiss in this matter.

Defendants' motion to dismiss must be denied in its entirety because defendants' contention that plaintiffs' claims are barred by *res judicata* is completely without merit. Moreover, defendants fail to show that plaintiffs' complaint fails to state a cause of action upon which relief can be granted. In addition, defendants' attack on service of process is insufficient to warrant dismissal. As a result, plaintiffs respectfully request that this Court deny defendants' motion to dismiss in its entirety.

## STATEMENT OF FACTS

This is an action for indemnification under contract and at common-law to recover from defendants, MURRAY CANTER, CHERYL WICHINSKY-CANTER, and ADAM J. CANTER, amounts contributed by TOKIO MARINE, as insurer for NILT, towards payment of a settlement in a personal injury claim brought by Rebecca J. Walker ("Ms. Walker") against NILT, ADAM J. CANTER, and CHERYL S. WICHINSKY. The facts of this action are also described in the Complaint, which is annexed as Exhibit "B" to the Declaration of CHERYL WICHINSKY CANTER.

On September 20, 2002, MURRY CANTER and CHERYL WICHINSKY-CANTER entered into a Lease Agreement with Ramsey Nissan for a 2002 model year Nissan Xterra, bearing Vehicle Identification Number 5N1ED28Y72C601791 ("NILT Vehicle"). A

copy of the Lease Agreement is annexed as Exhibit "A" to the Declaration of CHERYL
WICHINSKY CANTER. Pursuant to the Lease Agreement, Ramsey Nissan, as lessor, accepted
the Lease and immediately assigned Nissan-Infiniti Lt. all rights, title and interest in the Lease
and in the leased vehicle and lessor's rights under the guarantee executed in connection with the
Lease with full power to NILT to collect and discharge obligations related to the Lease.
Pursuant to ¶ 19 of the Lease Agreement, defendants agreed to indemnify NILT "for any loss,
liability or expense arising from the use or condition of this Vehicle." The lease paragraph
further provides that "[m]y agreement in this item will survive termination of this Lease and
repossession of the Vehicle" (*see* Exhibit "A" to the defendants' moving papers).

On or about April 10, 2003, at approximately 5:40 p.m., ADAM J. CANTER was
operating the NILT Vehicle on State Highway 12B towards its intersection of State Highway 46,
in Eaton, New York. At said date and time, the NILT vehicle, operated by ADAM J. CANTER,
came into contact with the vehicle, operated by Ms. Walker and traveling on State Highway 46 at
or near its intersection of State Highway 12B in Eaton, New York, causing Ms. Walker to sustain
serious personal injuries (*see* Complaint attached as Exhibit "B" to defendants' moving papers).

On or about February 18, 2005, Ms. Walker commenced a personal injury action
against ADAM J. CANTER, CHERYL S. WICHINSKY, NISSAN NORTH AMERICA, INC.,
NISSAN MOTORS ACCEPTANCE CORP., NISSAN INFINITI LEASE TRUST and XYZ
CORPORATION by filing a Summons and Complaint in the Supreme Court of the State of New
York, County of Madison, which was assigned Index No. 05-1073 ("*Walker* action"). The
Complaint sounded in negligence, and sought to recover money damages for personal injuries
sustained by Ms. Walker as a result of the aforesaid accident. The aforesaid personal injury
action sought damages from NILT, as the owner/lessor of the NILT Vehicle, on a theory of

vicarious liability for the negligent use and operation of the NILT Vehicle by ADAM J. CANTER under the New York Vehicle and Traffic Law section 388 ("NYVTL § 388") (*see* Exhibit "B" of the defendants' moving papers).

On or about December 4, 2006, the *Walker* action settled for a total sum of $210,000, with $100,000 paid by GEICO Insurance Company, the primary insurer for MURRY CANTER and CHERYL WICHINSKY-CANTER, $110,000 paid by TOKIO MARINE, NILT's insurer. In addition to the $110,000 loss incurred by the plaintiffs to settle the personal injury action, plaintiffs incurred $12,480.00 in attorneys' fees and $1,784.27 in disbursements for the defense of the aforesaid personal injury lawsuit brought by Ms. Walker, which resulted from the lessees "use or condition of [this] Vehicle" (*see* Exhibit "A" of defendants' moving papers, at paragraph 19). This contractual obligation forms the basis of plaintiffs' complaint for indemnification based on the Lease Agreement. The complaint also sets forth a theory of indemnification at common-law based on the principle that an active tortfeasor must indemnify all vicariously liable tortfeasors for the active tortfeasor's negligence.

## ARGUMENT

On a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be taken as true and construed favorably to plaintiff. *LaBounty v. Adler*, 933 F.2d 121 (2d Cir. 1991); *see* Fed. R. Civ. P. 12(b)(6). Such a motion should be granted only when it appears beyond doubt that plaintiff cannot prove any set of facts that would entitle him to the relief requested. *See Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994). The court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See*

*EEOC v. St. Grancis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). The purpose of a motion to dismiss for failure to state a claim is "to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding the substantive merits." *Global Network Communications, Inc. v. City of New York, et al.*, 458 F.3d 150, 155 (2d Cir. 2006). Thus, the court must assess the legal feasibility of the complaint without weighing the evidence that might be offered to support it. *Id.* at 155; *see also AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003). In the instant action, defendants' motion fails to show that the doctrine of *res judicata* applies, or that the claim concerning the alleged defective service would entitle defendants to the relief requested. As a result, defendants' motion should be denied in its entirety.

I.     <u>*RES JUDICATA* DOES NOT BAR THIS INDEMNIFICATION ACTION</u>

    A. <u>Plaintiffs' Action Does Not Accrue Until The Loss Is Sustained</u>

    *Res judicata* does not bar the instant action. Defendants are simply misapplying this well-established doctrine to a cause of action, which did not arise at the time of the accident, but arose when the underlying personal injury action was settled. It is well settled that causes of action for indemnification do not accrue until there has been a "loss [] suffered by the party seeking indemnity." *See McDermott v. City of New York,* 50 N.Y.2d 211,217, 428 N.Y.S. 2d 643 (1980). In an action for indemnity, "[the] general rule is established that the action accrues not at the time of the commission of the tort for which indemnity is sought, but at the time of the payment of the judgment." *See Musco v. Conte,* 22 A.D.2d 121, 125-26, 254 N.Y.S. 2d 589 (2d Dep't 1964).

    In the instant action, plaintiffs' cause of action for indemnification did not accrue during the pendency of the underlying *Walker* action; rather, the cause of action for

indemnification accrued at the time of the payment of the settlement. *Musco,* 22 A.D.2d at 125-26. Moreover, this is consistent with the Statute of Limitations period for contribution and indemnification actions, which does not accrue until payment by party seeking indemnity. *Brodeur v. McNamee*, 253 F.Supp.2d 349 (2003) (holding that under New York law, claim to be indemnified for liability on judgment is not complete until loss is suffered, and does not accrue for statute of limitations purposes until payment by party seeking indemnity). Contrary to defendants' contention, plaintiffs' claim for indemnification did not accrue during the course of the prior litigation, and could not have been extinguished by "implication" in the stipulation of discontinuance in the *Walker* Action, as claimed by defendants.

The *Allianz Ins. Co., as subrogee of Mercedes Benz Corp. v. Lerner, et al.* case is on point and analogous to the instant action. In *Allianz Ins. Co.*, plaintiff insurer, as subrogee to the owner of a rental vehicle, brought an action for indemnification against the renters and their guarantor to recover the payment of amount towards settling a state court underlying personal injury suit arising out of renter's use of the vehicle. 296 F. Supp. 2d 417 (E.D.N.Y. 2003), *rev'd on unrelated grounds,* 416 F.3d 109 (2d Cir. 2005). Defendants moved to dismiss complaint under the doctrine of *res judicata. Id.* The *Allianz* court recognized that under New York law, application of the principle of *res judicata* bars relitigation of claims actually raised as well as those that might have been raised in a prior proceeding and that a stipulation of discontinuance with prejudice has the same effect as a final judgment on the merits for the purpose of *res judicata. Id.* at 421. However, the *Allianz* court concluded that although the stipulations of discontinuance would clearly bar a new action by the *personal injury plaintiff* for additional injuries arising out of the underlying car accident, there is no bar to the *contractual indemnification claim* by the owner of a rental vehicle against the renters, because the

6

indemnification claim was "not adjudicated or disposed of, by the stipulation of settlement." *Id.* at 422. As a result, the *Allianz* court upheld the rights of the subrogor to contractual indemnification against its lessee, where three stipulations of discontinuance were executed to effectuate the settlement of the underlying personal injury suit. *Id.* The *Allianz* court specifically stated that:

> [W]hile a judgment on the merits or a stipulation with prejudice will bar all future claims among the parties affected, neither a judgment nor a stipulation will necessarily bar all claims among the various parties. Thus, where a final order disposes only of a claim between a plaintiff and defendant, that order will not necessarily have res judicata effect on a cross claim . . . raised among defendants . . . Because claims by the co-defendants were never ruled upon on the merits, the cross claims cannot be barred by res judicata and can be raised anew.

*See Allianz* at 421. In the instant matter, as defendants are well aware, plaintiffs' indemnification claims were not actually litigated and determined in the underlying *Walker* action. In fact, the filing of stipulation of discontinuance, payment of settlement proceeds and the receipt of the release triggered plaintiffs' right to indemnification. *Musco,* 22 A.D.2d at 125-26. Thus, *res judicata* may not be invoked to preclude plaintiffs from commencing the present action.

Contrary to defendants' contention, the stipulation of discontinuance in the *Walker* action did not bar the parties from litigating the claims that "could have been asserted in the discontinued action." Without this explicit language included in the stipulation, there is no waiver, as it does not constitute a voluntary relinquishment to the right of indemnification. *See Andor Pfeiffer v. United States of America*, 2000 U.S. App. LEXIS 27851 (2d Cir. 2000); *Godinez v. Moran*, 509 U.S. 389, 401, 125 L. Ed. 2d 321, 113 S. Ct. 2680 (1993). Plaintiffs' claim for indemnification was not required to have been asserted in the underlying *Walker* action

because it is a separate claim which does not accrue until the loss has been sustained by the aggrieved party.

    B.   The Cases Cited By Defendants Are Inapplicable

        Defendants' reliance on the case, *Forte v. Kaneka America Corp.*, 110 A.D. 81, 493 N.Y.S.2d 180 (App. Div. 2d Dep't. 1985) is misplaced. *Forte* confirms that the doctrine of *res judicata* applies to a derivative claim by a wife of a plaintiff in a personal injury action. However, plaintiffs' right to indemnification is not a "derivative claim" of Ms. Walker, the plaintiff in the *Walker* action; instead, plaintiffs' right to recovery was triggered by the recovery of Ms. Walker in the underlying action. Defendants erroneously place a contractual indemnification action in the same category as a derivative loss of services action asserted by spouse of an injured party. This contorted logic is a gross misapplication of the doctrine of *res judicata*.

        The case, *Fifty CPW Tenants Corp. v. Epstein, et al.*, 16 A.D.3d 292, 792 N.Y.S.2d 58 (2d Dep't 2005), is also inapposite from the instant action. In *Fifty CPW Tenants Corp.*, CPW was sued by a tenant due to a leaking roof. CPW impleaded the contractor, R&L, on a theory of indemnification and contribution. CPW also commenced a separate direct action against R&L for "guarantees" out of the work. When the first action settled, the third party action was discontinued "with prejudice." The court held that plaintiff's guaranty claims against defendants in the direct action were barred based on *res judicata* because plaintiff discontinued its indemnification claim that had already been commenced. The court explained that plaintiff's guaranty claims could have been litigated in plaintiff's indemnification action because the guaranty claims arose out of the same set of facts as the indemnification action under the contract.

In the instant action, plaintiffs' indemnification action did not accrue with the accident; the claim accrued at the time that the plaintiffs' loss occurred upon payment of the settlement. Moreover, plaintiffs herein did not make any claims against defendants in the underlying personal injury action, and were not obligated to do so.

*Storey v. Cello Holdings, LLC, et al.*, 182 F.Supp.2d 355 (S.D.N.Y. 2002), is also completely distinguishable from the facts of the instant matter. In *Storey*, the trademark owner brought the first action in the United States District Court for the Southern District of New York, claiming that an internet domain name owner was cybersquatting under the Federal Trademark Dilution Act. *Id.* The trademark owner subsequently discontinued the action against the internet domain name owner and brought the same action in an arbitration proceeding. *Id.* The internet domain name owner, accused of cybersquatting, brought action claiming that trademark owner's arbitration award was barred by *res judicata. Id.* The *Storey* court held that discontinuance of trademark dilution and cybersquatting suit "with prejudice" operated as adjudication on the merits and barred the trademark owner from subsequently asserting the exact same claim in an arbitration proceeding. *Id.* In fact, the *Storey* decision exemplifies the very reason plaintiffs did not pursue the indemnification claim in the underlying personal injury action: to preserve its right to seek indemnification in a subsequent action.

C. Plaintiffs Never Released Defendants From Liability

Defendants' contention that plaintiffs released defendants from all claims in the underlying personal injury action is also meritless and misleading. The release in the underlying personal injury action is executed only by Ms. Walker, indicating that Ms. Walker released the defendants in the *Walker* action (*see* the Release annexed as Exhibit "G" to the defendants' moving papers). NILT never executed any release in the *Walker* action, and as a result, is not

bound by any of its terms.  In fact, NILT was one of the releasees, not a releasor, in the underlying *Walker* action.

Defendants' contention that plaintiff NILT "specifically advised the Canter that they had no further obligations under the Lease" is also completely misleading, and taken selectively out of the context of the letter.  As the letter of lease termination clearly shows (*see* the letter, dated September 14, 2006, annexed as Exhibit "I" to the defendants' moving papers), NILT advised the defendants that "an inspection [of the NILT vehicle] was completed" when the defendants returned the vehicle.  The letter pertains only to the condition of the NILT vehicle as it contains information such as the maturity date of the lease agreement, mileage of the vehicle, and itemized wear and use.  The letter makes no reference whatsoever regarding plaintiffs' right of indemnification.

In addition, pursuant to ¶ 19 of the Lease Agreement, defendants agreed to indemnify NILT "for any loss, liability or expense arising from the use or condition of this Vehicle."  The lease paragraph further provides that "[m]y agreement in this item will survive termination of this Lease and repossession of the Vehicle" (*see* Exhibit "A" to the defendants' moving papers).  Therefore, defendants contractually agreed to indemnify NILT the amount of settlement that NILT contributed in the *Walker* action notwithstanding the termination of the Lease Agreement.  For the foregoing reasons, defendants' arguments that plaintiff failed to state a claim upon which relief can be granted are without merit, and as a result, defendants' motion should be dismissed.

D. Plaintiffs Have Prevailed On Similar Contractual Indemnity Claims
   Pursuant To Lease Agreements

In the instant matter, defendants have no meritorious defense to plaintiffs' contractual indemnification claim.  Courts have long recognized TOKIO MARINE's right, as a

lessor, to contractual indemnity against its lessees for the exact issue presented before this Court. *See Tokio Marine and Fire Ins. Co., Ltd., et al. v. Rosner,* 2002 Civ. 5065 (E.D.N.Y. 2005), *aff'd,* 206 Fed. Appx. 90 (2d Cir. 2006); *Tokio Marine and Fire Ins. Co., Ltd., et al. v. Sortino,* 2005 U.S. Dist. LEXIS 36331 (S.D.N.Y. 2005); *Tokio Marine and Fire Ins. Co., Ltd., et al. v. Pagan,* 2002 Civ. 4211 (S.D.N.Y. 2003); *Tokio Marine and Fire Ins. Co., Ltd., et al. v. Borgia,* 11 A.D.3d 603, 783 N.Y.S.2d 629 (2d Dep't 2004).

In *Tokio Marine v. Rosner,* plaintiffs Tokio Marine and its subrogor, Toyota Motor Credit Corporation ("TMCC"), brought an action against its lessee Rosner seeking contractual indemnification for amounts Tokio Marine contributed towards the settlement of a personal injury claim brought against TMCC and Rosner. *See* 2002 Civ. 5065 (E.D.N.Y. 2005), *aff'd,* 206 Fed. Appx. 90 (2d Cir. 2006). The underlying personal injury action arose out of a motor vehicle accident, in which the motor vehicle, leased from TMCC and operated by Rosner, struck and seriously injured the plaintiff during the Lease Agreement period. *See Id.* The plaintiff commenced a personal injury action against Rosner and TMCC that later settled for $1.8 Million. *See id.* In a subsequent action for indemnification, the Court granted plaintiffs, Tokio Marine and TMCC's motion for summary judgment, holding that the Lease Agreement's indemnity provision, which required Rosner to indemnify TMCC for any losses sustained by TMCC during the Lease Agreement period as a result of the use of the TMCC Vehicle, was enforceable. *See id.* Defendant Rosner subsequently appealed the trial court's decision, which was upheld by the Second Circuit.

All of the aforementioned cases prove that passive tortfeasors, like NILT, have been successful in other indemnity actions against the active tortfeasor vehicle drivers, like ADAM J. CANTER in the instant action, based on contractual indemnification principles. In

addition, indemnification provisions virtually identical to the provision at the heart of this action have also been repeatedly upheld as valid and enforceable.  *See ELRAC v. Ward*, 96 N.Y.2d 58, 724 N.Y.S.2d 692 (2001); *Pennsylvania Gen. Ins. v. Austin Powder*, 68 N.Y.2d 465, 510 N.Y.S.2d 67 (1986); *Morris v. Snappy Car Rental*, 84 N.Y.2d 21, 614 N.Y.S.2d 362 (1994); *Davis v. De Frank*, 33 A.D.2d 236, 306 N.Y.S.2d 827 (4th Dep't 1970); *Progressive Northeastern Ins. Co. v. Motors Ins. Co.*, 288 A.D.2d 363, 733 N.Y.S.2d 226 (2d Dep't 2001); and *State Farm Mutual Auto. Ins. Co. v. John Deere Ins. Co.,* 288 A.D.2d 294, 733 N.Y.S.2d 198 (2d Dep't 2001).

All of these decisions analyze and apply the type of contractual indemnification provision at issue here.  They hold that a vehicle lessor's contractual right to indemnification for costs incurred as a result of its statutory vicarious liability, including payment of any financial settlement of liability claims or liability judgments, arising out of the lessee's use, is valid and enforceable.  The lessor and its insurer may therefore demand indemnification from the lessee for all damages and costs incurred as a result of the lessee's use or operation of the leased vehicle.  *See Kallaitzakis v. ELRAC, Inc.*, 296 A.D.2d 531, 745 N.Y.S.2d 217 (2d Dep't 2002) (holding that the duty to indemnify set forth in a vehicle rental agreement was not invalid and unenforceable because it purported to require the lessee to indemnify the lessor for "all" losses). The relationship between indemnification and vicarious liability is one of the cornerstones of tort theory.  Accordingly, since the instant Lease Agreement is valid under New York law, plaintiffs are entitled to contractual indemnity from defendants MURRAY CANTER and CHERYL WICHINSKY-CANTER.

> E.  Plaintiffs Are Entitled To Common-Law Indemnity Against An Active
>     Tortfeasor

Tokio Marine and NILT are also entitled to indemnification from defendant ADAM J. CANTER pursuant to the well-established common-law principle that an active tortfeasor must indemnify all vicariously liable tortfeasors for his own negligence. *See Novak v. Basf Corp.*, 869 F. Supp. 113 (N.D.N.Y. 1994*); Travelers Indemnity Co. vs. AMR Services Corp.*, 921 F. Supp 176 (S.D.N.Y. 1996*)*. Furthermore, it is axiomatic at common-law that vicarious liability is coupled with indemnity. That is, an entity such as NILT, which may be held vicariously liable for the negligence of a driver of a vehicle, may thereafter seek indemnification from the actively negligent party, such as Arias, for all of the costs incurred as a result of that vicarious liability. *See, Morris v. Snappy Car Rental*, 84 N.Y.2d 21, 637 N.E.2d 253, 614 N.Y.S.2d 362 (1994); *ELRAC v. Ward*, 96 N.Y.2d 58, 724 N.Y.S.2d 692 (2001).

A party is entitled to common-law indemnification where its liability is entirely constructive, vicarious, and not based on any fault of its own. *See e.g., Allianz Ins. Co. v. Cavagnuolo,* 2004 U.S. Dist. LEXIS 8186, 03 Civ. 1636 (S.D.N.Y., 2004). In New York, a common-law or implied right to indemnification arises when one party is compelled to pay for the wrong of another. *See D'Ambrosio v. City of New York,* 55 N.Y.2d 454, 460, 450 N.Y.S.2d 149 (1982). Common-law indemnification is rooted in the principle that everyone is responsible for the consequences of his own negligence, and if another party has been compelled to pay the damages which ought to have been paid by the wrongdoer, those damages may be recovered from the actual wrongdoer. *See Raquet v. Braun,* 90 N.Y.2d 177, 183, 681 N.E.2d 404, 659 N.Y.S.2d 237 (1997). Thus, a common-law right of indemnification is applied where a party's liability is based solely upon the wrongdoing of the party from whom indemnification is sought. Implied indemnity permits one held vicariously liable solely as a result of the negligence of another to shift the entire burden of loss to the actual wrongdoer. *See, e.g., 17 Vista Free Assoc.*

*v. Teachers Insur. and Annuity Assoc. of America,* 259 A.D. 2d 75, 80, 693 N.Y.S.2d 554 (1st Dep't 1999).

At common-law, a vehicle owner is entitled to indemnification from a negligent operator. *See Elrac, Inc. v. Beckford*, 250 A.D.2d 725; 673 N.Y.S.2d 192; 1998 N.Y. App. Div. LEXIS 5784 (1998); *Cuthbert v. Pederson*, 266 A.D.2d 255; 698 N.Y.S.2d 254; 1999 N.Y. App. Div. LEXIS 11307 (1999) (holding that the vehicle owner established a prima facie case of negligence against its user, thereby entitling it to summary judgment on common-law indemnification). Courts have long recognized rights to indemnity grounded separately in express contract and in implied agreement, *respondeat superior*, and related doctrines, pursuant to the law's notion of fairness and equity between the parties. *See Mas v. Two Bridges Associates*, 75 N.Y.2d 680, 555 N.Y.S.2d 669 (1990). A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other is entitled to indemnity. *Restatement, Restitution, § 76, quoted at McDermott v. City of New York*, 50 N.Y.2d. 211, 217, 428 N.Y.2d 646, 406 N.E.2d 460 (1980).

In the instant matter, the vehicle title owner and passive tortfeasor, NILT, seeks from ADAM J. CANTER, the permissive driver and active tortfeasor, common-law indemnification for ADAM J. CANTER's negligence. In the underlying personal injury action, NILT, the title owner and lessor of the NILT vehicle, was vicariously liable to Ms. Walker for the negligent act of ADAM J. CANTER, the permissive driver of the NILT vehicle, pursuant to New York State Vehicle and Traffic Law § 388. It cannot be disputed that ADAM J. CANTER, who operated the leased NILT Vehicle, was involved in an accident causing Ms. Walker serious personal injuries. Furthermore, it cannot be disputed, in good faith, that ADAM J. CANTER was negligent in his operation of the NILT Vehicle. The New York Court of Appeals has held

that one found to be liable based strictly on a vicarious liability statute (such as New York Vehicle & Traffic Law §388) is entitled to obtain full indemnification from the party wholly responsible for the accident. *See Chapel v. Mitchell*, 84 N.Y.2d 345, 618 N.Y.S.2d 626, 642 N.E.2d 1082 (1994).

In *Elrac v. Beckford,* 250 A.D.2d 725, the plaintiff vehicle-owner brought suit for common-law indemnification against the defendant-driver, after the driver was involved in an accident while driving the plaintiff's vehicle. *See id.* At common-law, the *Elrac* Court held that a vehicle owner was entitled to indemnification from a negligent user. *See Elrac*, 250 A.D.2d at 726. In *Elrac*, the lessor submitted evidence, which showed that the lessee struck the rear end of the third party's vehicle while it was stopped. *See id.* The rear-end collision with a stopped vehicle created a prima facie case of negligence against the lessee, imposing a duty of explanation upon him. *See id.* The lessee failed to proffer any such explanation. As a result, the lessor was entitled to summary judgment on its common-law indemnification cause of action. *See id.* In addition, other Courts, including the New York Court of Appeals, have held that vehicle owners are entitled to summary judgment on common-law indemnification claims against their negligent users. *See Naso v. Lafata*, 4 N.Y.2d 585, 590, 152 N.E.2d 59; 176 N.Y.S.2d 622 (1958) (holding that it is well established that an owner found to be negligent under the vicarious liability statute of the New York Vehicle and Traffic Law is merely passive at law, and that the owner could implead the actively negligent driver of the vehicle and obtain recovery over against him).

In the instant matter, the passive tortfeasor and subrogor, NILT, whose liability was premised entirely upon the active wrongdoing of another, ADAM J. CANTER, is clearly entitled to recover against the active tortfeasor on a claim of common-law indemnity. When

confronted with the identical factual situation involving TOKIO MARINE and its subrogors as plaintiffs and its permissive driver and lessee as defendants, the federal courts have consistently held that the New York law does not preclude the common-law indemnification or the contractual indemnification and have consistently awarded TOKIO MARINE summary judgment. *See Tokio Marine and Fire Ins. Co., Ltd. v. Sortino*, 2005 U.S. Dist. LEXIS 36331 (S.D.N.Y. 2005); *Tokio Marine and Fire Ins. Co., Ltd. v. Pagan*, 2000 US. Dist. LEXIS 5902 (S.D.N.Y. 2003).

As a result of ADAM J. CANTER's negligence, plaintiffs incurred a total loss of $124,264.27 in payments and fees In the underlying personal injury action.  The principles of common-law indemnity clearly require ADAM J. CANTER to reimburse TOKIO MARINE and NILT for the amounts incurred due to NILT's vicarious liability for ADAM J. CANTER's negligence.

II.    DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED
       <u>BECAUSE ALL DEFENDANTS WERE PROPERTY SERVED</u>

This subsequent indemnification action was commenced on June 12, 2007 by the filing of the Summons and Complaint with the Clerk of the United States District Court, Southern District of New York.  (*See* Exhibit "A" attached to defendants' moving papers).

On August 28, 2007, the Summons and Complaint was served upon the defendants, MURRAY CANTER and CHERYL WICHINSKY-CANTER, by "nail and mail" service at their residence, pursuant to Rule 4 of the Federal Rules of Civil Procedure and Section 308(4) of the New York CPLR.  Section 308(4) of the New York CPLR provides:

> Where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by

mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concern an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing . . . .

CPLR § 308(4).

A copy of the affidavit of service is annexed to the Affidavit by Hae Jin Shim as Exhibit "A." In their moving papers, defendants, MURRAY CANTER and CHERYL WICHINSKY-CANTER, confirm that the location where the Summons and Complaint was "nailed and mailed" is their residence (*see* defendants' Memorandum of Law, p. 13). Defendants do not dispute the fact that plaintiffs properly "nailed and mailed" the summons and complaint. Defendants also do not dispute the fact that they in fact received the summons and complaint. Instead, defendants seek dismissal based upon a technical failure to file an affidavit of service of a summons and complaint within 20 days of the "nail and mail" service. However, plaintiffs have remedied the aforesaid omission by filing, via ECF, an affidavit of service of a summons and complaint on October 29, 2007. *See Lopez v. Quickset Printers, Inc.*, 70 Misc.2d 732, 334 N.Y.S.2d 808 (1972) (holding that untimely filing of proof of service was not jurisdictional and was irregularity that could be corrected); *Haegeland v. Massa*, 75 A.D.2d 864, 427 N.Y.S.2d 887 (2d Dep't 1980) (finding that plaintiff's delay in filing proof of service was a mere procedural irregularity to be corrected by an order nunc pro tunc). The affidavit of service clearly shows that the defendants, MURRAY CANTER and CHERYL WICHINSKY-CANTER, were properly served within the meaning of the "nail and mail" service. *See* the affidavit of service

annexed as Exhibit "A" to the Shim Affidavit. Given that the untimely failing of the affidavit of service did not prejudice the defendants in any way, it should be deemed timely nunc pro tunc.

Contrary to defendant, ADAM J. CANTER's contention, he fails to show any evidence in an admissible form that his residence was in Mexico at the time of the service of process. ADAM J. CANTER's "declaration" is nothing more than a mere assertion in which his alleged signature is not even notarized. ADAM J. CANTER fails to provide any evidence, such as a plane ticket to Mexico, a copy of a utility bill in Mexico, attendance records of his alleged and nameless medical school, to prove his alleged residence and intention to live in Mexico. His mere "declaration" is absolutely insufficient to show that the New York address where the summons and complaint was served was not his resident at the time of the service of process.

In fact, a New York "resident" is someone who lives at a location within the state "for some length of time during the course of a year." *Antone v. General motors Corp.*, 64 N.Y.2d 20, 30, 484 N.Y.S.2d 514, 518, 473 N.E.2d 742, 746 (1984). The determination of whether a person is a New York resident under CPLR depends on whether "he has a significant connection with some locality in the State as the result of living there for some length of time during the course of a year." *Id.; see also Matter of Newcomb*, 192 N.Y. 238, 84 N.E. 950; *Hurley v. Union Trust Co.*, 244 App.Div. 590, 280 N.Y.S. 474, 280 N.Y.S. 474. In addition, a person can have multiple residences while he can have only one domicile. *Antone*, 64 N.Y.2d 20, 30, 484 N.Y.S.2d 514, 518, 473 N.E.2d 742, 746. Even if ADAM J. CANTER acquired the alleged Mexico address as a residence at the time of the service of process, his parents' New York apartment, where he lived until July 22, 2007, and continues to have a significant connection, also constitutes his residence for purposes of service of process.

Also, contrary to defendant's contention, ADAM J. CANTER has not acquired his alleged Mexico address as his domicile. New York courts have consistently held that jurisdiction was sustained over defendant who was served in New York by substituted service while he was in another jurisdiction, intending to establish a new domicile. *See Alvord & Alvord v. Patenotre*, 196 Misc. 524, 92 N.Y.S.2d 514 (Sup. Ct. N.Y. Co. 1949). Moreover, it is well-established that an out-of-state student attending college in one jurisdiction does not intend to acquire a domicile in that jurisdiction. *See, e.g., Porcello v. Brackett*, 85 A.D.2d 917, 443 N.E.2d 491 (4th Dep't 1981). In the instant action, ADAM J. CANTER declares that he plans to reside in Mexico over the course of the next four years of school, only, and as a result, ADAM J. CANTER has not acquired domicile in Mexico. *See* Declaration of Adam Canter, ¶ 2. ADAM J. CANTER's mere declaration that he plans to be domiciled in Mexico is insufficient to show his "intention to make the State a permanent home." *Antone*, at 28, 484 N.Y.S.2d at 517, 473 N.E.2d at 745. His parents' New York apartment was, therefore, both the residence and domicile of ADAM J. CANTER's at the time of the service of process. As a result, defendant's contention that plaintiffs failed to serve ADAM J. CANTER is without merit. Should the Court consider defendant, ADAM J. CANTER's argument, we respectfully request that a hearing be scheduled in order to determine ADAM J. CANTER's residence.

Defendants' challenge to the service of process constitutes a waste of judicial resources, given that should the action be dismissed on these grounds, plaintiffs could simply re-file the action and re-serve the complaint, as the Statute of Limitations is not close to expiration. Should this Court find the service of process to be improper on the ground that the affidavit of service was not filed timely, plaintiffs respectfully request that the Court deem the Complaint

served on defendants' attorneys and not require plaintiffs to go through the expense of having to re-serve defendants.

CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that defendants' motion be denied in its entirety.

Dated: New York, New York
      November 16, 2007

LONDON FISCHER LLP

By:     _____
       Hae Jin Shim (HS 3297)
       Attorneys for Plaintiffs TOKIO MARINE AND
       NICHIDO FIRE INSURANCE CO., LTD., as
       Subrogee, and NILT, INC., as Subrogor
       59 Maiden Lane
       New York, New York 10038
       (212) 972-1000

To:    Daniel I. Goldberg (DG 5745)
       SALON MARROW DYCKMAN NEWMAN & BROUDY, LLP
       Attorneys for Defendants
       ADAM J. CANTER, MURRAY CANTER, and
       CHERYL WICHINSKY-CANTER
       292 Madison Avenue
       New York, New York 10017
       (212) 661-7100

K:\116\034\Motions\MOL in Op.doc